IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1642 |
| | ) | |
| v. | ) | Chief Magistrate Judge Lenihan |
| | ) | |
| CORY HARCHA; LEE MEYERS; | ) | |
| and JORDAN SEESE, | ) | |
| | ) | Re: ECF No. 33 |
| Defendants. | ) | |

## MEMORANDUM OPINION

Presently before the Court is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants (ECF No. 33). For the reasons discussed below, the motion will be granted, however Plaintiff will be granted leave to amend the Complaint as further set forth in this Opinion[1].

## AVERMENTS OF THE COMPLAINT

On August 18, 2009, Plaintiff, Shawn Miller ("Miller" or "Plaintiff") and his friend were "pulled over by Pittsburgh Police for allegedly failing to stop at a stop sign." (Complaint, ECF No. 3 at ¶ 1 (hereinafter "ECF No. 3 at __").) The friend indicated to Plaintiff that he was in possession of contraband, so Plaintiff decided to drive off so the friend could get rid of the contraband. (ECF No. 3 at ¶ 1.) Plaintiff also drove off because he did not want to violate the conditions of his probation. (ECF No. 3 at ¶ 2.) The police pursued Plaintiff at high rates of speed. (ECF No. 3 at ¶ 3.) The Complaint is somewhat unclear as to what happened next. The Plaintiff suggests in his Complaint that the police stopped pursuing him, and that Plaintiff pulled

---

[1] Plaintiff may not reassert a claim under the Fifth or Eighth Amendments. He may amend to allege a claim under the Fourth Amendment as explained in more detail in the Opinion.

over and got out of his car. Plaintiff then began shouting at his friend for riding with contraband in Plaintiff's car. (ECF No. 3 at ¶ 3.) In his brief in response to Defendants' motion, however, Plaintiff states that he was outside of the car "in a position of giving up or surrendering." (Plaintiff's Brief in Response to Defendants' Motion to Dismiss, ECF No. 37 at ¶ 2.)

Plaintiff next avers that several minutes later, uniformed police officer, Defendant Corey Harcha ("Defendant Harcha") pulled up in his patrol car, and without warning, got out of his patrol car with his gun in hand, and began firing at Plaintiff. (ECF No. 3 at ¶ 4.) Plaintiff then jumped back into his car in an effort to get away from the shots being fired at him by Defendant Harcha. According to Plaintiff, Defendant Harcha then placed his arm inside the passenger window of Plaintiff's car and continued firing his gun, shooting Plaintiff in the back of his neck. (ECF No. 3 at ¶ 5.) At this point Defendant Officers Lee Myers ("Defendant Myers") and Jordan Seese ("Defendant Seese") arrived at the scene. Plaintiff avers that, fearing for his life, he attempted to drive off, and all three Defendant Officers fired their guns at Plaintiff's car. Plaintiff was shot in his right shoulder from behind. (ECF No. 3 at ¶ 6.)

Plaintiff avers that, again fearing for his life, he drove off, and suggests that he was pursued by police, although the averments are unclear as to whether it was the Defendant Officers who pursued him at this point. Plaintiff states that his "run-for-it" ended "when he crashed into a utility pole while being unconscious. At this time Pittsburgh police pulled Plaintiff from his vehicle and repeatedly beat on him." (ECF No. 3 at ¶¶ 7-8.)

Plaintiff lists the Fifth, Eighth, and Fourteenth Amendments as those provisions of federal law that he claims were violated by Defendants. (ECF No. 3 at 3.)

Plaintiff seeks declaratory judgment that Defendants' actions violated his rights, compensatory damages exceeding $10,000, and punitive damages exceeding $100,000 from each

2

Defendant, and a restraining order to prevent Defendants (and their agents, successors, and employees) from retaliating against Plaintiff.

**LEGAL STANDARD**

*PRO SE* PLEADINGS

The Court must liberally construe the factual allegations of the Complaint because pleadings filed by *pro se* plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Therefore, if the Court "can reasonably read [the] pleadings to state a valid claim on which [Plaintiff] could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or [Plaintiff's] unfamiliarity with pleading requirements." *Wilberger v. Ziegler*, No. 08-54, 2009 WL 734728 at *3 (W.D. Pa. March 19, 2009) (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (*per curiam*).

MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)

A motion to dismiss pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b) (6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, in light of *Iqbal*, the *Fowler* court set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show

4

> that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

Finally, the United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

In support of their Motion to Dismiss, Defendants argue that Plaintiff's Complaint must be dismissed because *Graham v. Conner,* 490 U.S. 386 (1989), "precludes reliance on substantive due process when the excessive force claim arises out of an arrest, investigatory stop, or other seizure." (Defendants' Brief in Support of Amended Motion to Dismiss, ECF No. 32 at 2.) Defendants further argue that the Eighth Amendment is inapplicable to the facts presently before the Court because Plaintiff was not a convicted prisoner at the time of the alleged excessive force. (ECF No. 32 at 2.) Finally, Defendants argue that the plain language of the Fifth Amendment demonstrates that "it does not deal with one's rights to be free from the use of excessive force during a police seizure and therefore it must also be dismissed. (ECF No. 32 at 3.)

Plaintiff responds that proceeding *pro se,* his pleadings should be held to a lower standard than those drafted by attorneys. Plaintiff also argues that the force employed against him was

5

excessive because of the following: 1) he was outside of his car "in a position of giving up or surrendering[;]" 2) Defendants issued no commands or warnings and started firing at Plaintiff; 3) the officers' lives were not in danger; 3) Plaintiff was unarmed; 4) Defendants fired from three different weapons approximately 30-40 rounds; and 5) Plaintiff was shot in the back of the neck, and shot from the back through his right shoulder. (ECF No. 37 at ¶¶ 2-4.)

## ANALYSIS

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

### FIFTH AMENDMENT

The Fifth Amendment to the United States Constitution provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in

> jeopardy of life or limb; nor shall be compelled in any criminal
> case to be a witness against himself, nor be deprived of life, liberty
> or property, without due process of law; nor shall private property
> be taken for public use, without just compensation.

U.S. Const. amend. V. As argued by Defendants, the Fifth Amendment has no application to the facts averred by Plaintiff. In fact, the only provision that might arguably apply is the Due Process Clause, which the United States Supreme Court has made clear applies to the federal government, as the Due Process Clause of the Fourteenth Amendment applies to the States. *See Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002). Therefore, Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim will be granted.

### EIGHTH AMENDMENT

The Eighth Amendment provides as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

In *Whitley v. Albers,* 475 U.S. 312 (1986), the United States Supreme Court noted that the "Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,' and consequently the Clause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" 475 U.S. at 318 (*quoting Ingraham v. Wright,* 430 U.S. 651, 664, 671 n.40 (1977) (other citations omitted)). Therefore, the Eighth Amendment has no application to Plaintiff's averments of excessive force. Consequently, Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim will be granted.

### FOURTEENTH AMENDMENT

Defendants also move to dismiss Plaintiff's Fourteenth Amendment claim. In *Graham v. Connor,* 490 U.S. 386 (1989), the United States Supreme Court held as follows:

7

> *[A]ll* claims that law enforcement officers have used excessive force- deadly or not-in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.

490 U.S. at 395 (emphasis in original) (footnote omitted). Consequently, Plaintiff's claims against Defendants should be brought under the Fourth Amendment, rather than the Fourteenth, if Plaintiff was in fact "seized" for Fourth Amendment purposes.

The *Graham* court, in footnote, defined a "seizure" for Fourth Amendment purposes as government action which, by means of physical force or show of authority, some way restrains the liberty of a citizen. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968)). The United States Supreme Court expounded on the definition of "seizure" in *Brendlin v. California*, 551 U.S. 249 (2007). In *Brendlin*, the court noted that "[a] police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned." 551 U.S. at 254.[2] The *Brendlin* court also noted that "in Fourth Amendment terms a traffic stop entails a seizure of the driver 'even though the purpose of the stop is limited and the resulting detention quite brief.'" *Brendlin*, 551 U.S. at 255 (citing *Delaware v. Prouse,* 440 U.S. 648, 653 (1979)).[3]

---

[2] The *Brendlin* court also noted that the officer's act of physical force or show of authority, which terminates or restrains freedom of movement, must be through means intentionally applied by the officer. 551 U.S. 249, 254 (2007) (citing *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989)).
[3] In *Brendlin,* the Supreme Court held that when a police officer makes a traffic stop, the passenger, as well as the driver, is seized within the meaning of the Fourth Amendment. *Id*. at 251.

Hence, if Plaintiff was seized for Fourth Amendment purposes, the next inquiry is to determine whether the force used to effect his seizure was "reasonable" under the circumstances. *Graham,* 490 U.S. at 396. Although not easily defined or mechanically applied, the test for determining whether the force was reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) and *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985)). The test is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (other citations omitted).

Consequently, Plaintiff, proceeding *pro se*, must be given an opportunity to amend his Complaint to include more facts detailing the events in issue, and to include a Fourth Amendment claim.

In conclusion, the facts of the Complaint at ECF No. 3, together with statements in the Brief in Opposition, suggest that Plaintiff was "seized" for purposes of the Fourth Amendment. Consequently, Plaintiff may include a Fourth Amendment claim against Defendants for excessive force. If discovery reveals that Plaintiff was, in fact, not the subject of a Fourth Amendment seizure, then Plaintiff may have a Fourteenth Amendment substantive Due Process claim against Defendants.[4] Consequently, Plaintiff must file an amended complaint to set forth clearly-identified causes of action that both identify Plaintiff's legal theories and facts suggestive

---

[4] *See Fagan v. City of Vineland*, 22 F.3d 1296, 1305 n.5 (3d Cir. 1994) ("[W]here the excessive force does not involve a 'seizure' by law enforcement officials, courts have held that a 'shocks the conscience' [Fourteenth Amendment] substantive due process claim survives G*raham.*")

of the proscribed conduct alleged in accordance with *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007).

Dated: May 6, 2011

BY THE COURT

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All counsel of record
 Via electronic filing

 Shawn Miller
 40239
 950 Second Avenue
 Pittsburgh, PA 15219
 Pro se