**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SHAWN MILLER,                    )
                                 )
                    Plaintiff,   )       Civil Action No. 09-1642
                                 )
          v.                     )       Chief Magistrate Judge Lenihan
                                 )
CORY HARCHA; LEE MYERS;          )
and JORDAN SEESE,                )
                                 )
                    Defendants.  )

## MEMORANDUM OPINION

Shawn Miller ("Plaintiff") is a Pennsylvania state prisoner currently incarcerated at the

State Correctional Institution at Smithfield ("SCI-Smithfield"). Plaintiff commenced this action

on December 15, 2009 by filing a Motion for Leave to Proceed in forma pauperis with attached

Complaint. (ECF No. 1.) Plaintiff filed his Complaint on December 17, 2009, and claimed

violations of his Fifth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

(ECF No. 3.) Pursuant to a Motion to Dismiss filed by the Defendants, the Court dismissed

Plaintiff's Fifth and Eighth Amendment claims with prejudice, and granted Plaintiff leave to

amend his Complaint. (ECF No. 39.) Thereafter, Plaintiff amended his Complaint to include

alleged violations of his Fourth Amendment right against excessive force, First Amendment

retaliation, Fourteenth Amendment taking without just compensation for the taking of his

vehicle, a Fourth Amendment claim for the seizure of his vehicle, and an Eighth Amendment

claim for deliberate indifference to serious medical needs. (ECF No. 42.) Defendants filed a

Motion for Summary Judgment directing their legal arguments to Plaintiff's Fourth Amendment

excessive force claim. (ECF No. 52.) This Court granted the Defendants' Motion. (ECF Nos.

63 & 64.) Plaintiff then filed a Notice of Appeal to the United States Court of Appeals for the

Third Circuit.  (ECF No. 65.)  Plaintiff's appeal was dismissed for failure to pay the filing fee or file the required PLRA forms.  (ECF No. 67.)  For the following reasons, the remainder of Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to the Prison Litigation Reform Act.

## A.  The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis (29 U.S.C. § 1915(e)(2)) or seeks redress against a governmental employee or entity (28 U.S.C. § 1915A).  The court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff is a prisoner proceeding in forma pauperis and is seeking redress from governmental officers and employees.

## B.  Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, a court must grant the plaintiff leave to amend his

complaint, unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a pro se plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the pro se plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level."  *Id.* at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).  In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name."  *Higgins v.*

3

*Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d

244, 247-48 (3d Cir. 1999)).  *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this

is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently

alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at

688).  Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege

sufficient facts to support a cognizable legal claim.  *See, e.g., Taylor v. Books A Million, Inc.*,

296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).


### C.  Facts

Liberally construing the pro se Amended Complaint, Plaintiff attempts to allege various

legal claims based on the following factual averments:

On August 18, 2009, at approximately 1:00 a.m., Defendant Officers Myers and Seese

were on uniform patrol when they observed Plaintiff fail to stop at a stop sign.  These Defendants

pulled over Plaintiff and his passenger, Paul Barone, for failing to stop.  (Amended Complaint,

ECF No. 42 at Facts ¶ 1.)  Plaintiff stopped, but then fled the scene before these Defendant

Officers were able to speak with him.  (ECF No. 42 at ¶¶ 1, 2.)  Plaintiff's passenger, Barone,

indicated to Plaintiff that he was in possession of contraband, so Plaintiff drove away in order for

Barone to dispose of the contraband.  (ECF No. 42 at ¶¶ 1, 2.)  In addition, Plaintiff, who was

then on probation, drove away because he did not want to violate any of the conditions of his

probation.  (ECF No. 42 at ¶ 2.)  Defendants pursued Plaintiff, but after a very short time the

pursuit was terminated, and Plaintiff pulled over, got out of the car and began shouting at Barone

for riding in Plaintiff's car with contraband.  (ECF No. 42 at ¶ 3.)

Defendant Officer Corey Harcha then came upon Plaintiff. (ECF No. 42 at ¶ 4.) Plaintiff alleges that Officer Harcha got out of his patrol vehicle while holding his gun and started shooting at Plaintiff without warning. (ECF No. 42 at ¶ 4.) Plaintiff further alleges he was forced to get back into his vehicle in order to avoid being shot by Officer Harcha. (ECF No. 42 at ¶ 5.) According to Plaintiff, Officer Harcha then placed his arm inside the passenger window of Plaintiff's car and continued firing his gun and shot Plaintiff in the back of his neck. (ECF No. 42 at ¶ 5.) At this point Defendant Officers Myers and Seese arrived at the scene. Plaintiff avers that, fearing for his life, he attempted to drive off, and all three Defendant Officers fired their guns at Plaintiff's car, and Plaintiff was shot in his right shoulder from behind. (ECF No. 42 at ¶ 6.) Plaintiff avers that, again fearing for his life, he panicked and drove off to save his life from what he perceived as certain death. (ECF No. 42 at ¶ 7.) Plaintiff states that his "run-for-it" ended "when he crashed into a utility pole while being unconscious. At this time Pittsburgh police pulled Plaintiff from his vehicle and repeatedly beat on him." (ECF No. 42 at ¶ 8.)

### D.  Discussion

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state

5

law, and that such conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

## Eighth Amendment claim for deliberate indifference to medical needs

This Court dismissed with prejudice Plaintiff's Eighth Amendment claim at ECF Nos. 38 & 39. Consequently, the Plaintiff may not include this claim in his Amended Complaint.

## Fourth Amendment excessive force claim

This Court dismissed with prejudice Plaintiff's Fourth Amendment excessive force claim at ECF Nos. 63 & 64.

## First Amendment retaliation claim as a result of Defendants' filing criminal charges

The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.

U.S. CONST. amend. I. The First Amendment right to free speech is incorporated into the Fourteenth Amendment Due Process Clause, and for that reason is applicable to the states. *See Miller v. Clinton County*, 544 F.3d 542, 545 n.1 (3d Cir. 2008). Although plaintiff does not allege he was deprived of his right to speak directly, "[r]etaliation for the exercise of

constitutionally-protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990).

In order to establish retaliation in violation of the First Amendment pursuant to § 1983, a plaintiff must prove that (1) he was engaged in constitutionally protected speech, (2) he was treated adversely by a state actor, and (3) the protected speech was a substantial or motivating factor in causing the retaliation. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 282 (3d Cir. 2004); *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997). The question whether the speech is protected is one of law, while the remaining questions are questions of fact. *Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006).

All speech, except for certain narrow categories,[1] is protected by the First Amendment. Here, Plaintiff avers no facts to suggest that he was allegedly retaliated against because of any protected speech. Therefore, Plaintiff's First Amendment retaliation claim must fail as a matter of law, and any attempt to further amend will be futile.

**Fourteenth Amendment taking without just compensation for the taking of his vehicle at the time of attest**

The Takings Clause of the Fifth Amendment provides that private property shall not be taken for public use without just compensation. U.S. CONST. amend. V. It is made applicable to the States through the Fourteenth Amendment. *See Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980). Plaintiff has alleged that his vehicle was confiscated without compensation and therefore his constitutional rights were violated. The Takings Clause,

---

[1]Examples of the narrow categories of speech deemed unworthy of full First Amendment protection include obscenity, "fighting words," and libel. *R.A.V. v. City of St. Paul*, 505 U.S. 377, 382-90 (1992).

however, is violated only when private property is taken for a public use, *i.e.*, appropriated to a public benefit, not as a result of an arrest as alleged. *See Scott v. Phila. Hous. Auth.*, No. 10-4723, 2011 WL 1791095, at *5-6 (E.D. Pa. May 11, 2011). Accordingly, the Plaintiff's Takings Clause claim must be dismissed with prejudice as any attempt to amend would be futile.

**Fourth Amendment claim for the seizure of his vehicle at the time of arrest**

Plaintiff alleges that the taking of his vehicle was an unreasonable seizure under the Fourth Amendment. The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. "A Fourth Amendment 'seizure' of personal property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2011) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).

Here, the taking of Plaintiff's vehicle was valid under the Fourth Amendment because it was necessary to protect public safety. *See South Dakota v. Opperman*, 428 U.S. 364, 368-69 (1976) ("Community caretaking functions" necessitate that vehicles involved in accidents be taken into custody; "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.") Plaintiff avers that he "crashed into a utility pole." (ECF No. 42 at ¶ 8.) Clearly, the police had the authority to remove the damaged vehicle from the public streets in general, and from the utility pole, in particular. Accordingly, Plaintiff's Fourth Amendment claim for seizure of his vehicle must fail as a matter of law, and any attempt to further amend would be futile.

### E.  Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint must be dismissed with

prejudice pursuant to the screening provisions of the Prison Litigation Reform Act.  Any further

attempt to amend would be futile as a matter of law.  An appropriate order will follow.

BY THE COURT

_____

LISA PUPO LENIHAN
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated:  December 18, 2012

cc: All counsel of record

Shawn Miller
KG6150
SCI Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA  16652
PRO SE